**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRAYSLEY TUNJI FAMUREWA, | ) | CASE NO. 1:10-cv-01480 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE WHITE |
| MICHIGAN DEPARTMENT | ) | |
| OF TREASURY, *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | | |

On October 21, 2010, Defendants Michigan Department of Treasury, Dale Breachnau,

Douglas Schafer, Susan Agee and Lynn Boyes (hereinafter "Defendants") filed a Motion for

Partial Dismissal of the Amended Complaint.  (Doc. No. 19.)  On November 18, 2010, Plaintiff

Braysley Tunji Famurewa (hereinafter "Plaintiff"), *pro se*, filed his response.  (Doc. No. 21.)

**I.  Procedural Background**

**A.  The Complaint**

On July 6, 2010, Plaintiff, *pro se*, filed his original Complaint.  (Doc. No. 1.)  On October

8, 2010, Plaintiff filed an "Amended Pleading" alleging three counts: (1) discrimination in

violation of Title VII of the Civil Rights Act of 1964 as amended; (2) age discrimination in

violation of the Age Discrimination in Employment Act (ADEA) as amended; and, (3)

retaliation or discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act

(ELCRA), M.C.L.S. § 37.2701.[1]  (Doc. No. 15.)  Defendants withdrew a Motion for Partial

Dismissal in response to the original Complaint on October 21, 2010.  (Doc. Nos. 5 & 18.)  On

the same date, Defendants filed a renewed Motion for Partial Dismissal aimed at Plaintiff's

Amended Pleading.  (Doc. No. 19.)

## II. Civil Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no

set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957).  Well-pleaded allegations must be taken as true and construed most favorably

toward the non-moving party.  *See, e.g., Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993).

Although a court may not grant a Rule 12(b)(6) motion based on its disbelief of the factual

allegations contained in the complaint, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990),

a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v.

Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  To survive a motion to dismiss, a

plaintiff must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). A claim

that is plausible on its face requires showing more than the "sheer possibility" of relief but less

than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d

---

[1] It is well settled "inartfully pleaded allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief." *Id*.

868 (2009); *accord Fabian v. Fulmer Helmets, Inc.*, 2010 U.S. App. LEXIS 26087 at \*\*5-6 (6th

Cir., Dec. 23, 2010); *Flanory v. Bonn*, 604 F.3d 249 (6th Cir. 2010).  Consequently, a claim

should not be dismissed unless it is unsupported by the law or the facts alleged are insufficient.

### III.  Law and Analysis

Defendants assert that Plaintiff's ELCRA and ADEA claims should be dismissed pursuant

to Fed. R. Civ. P. 12(b)(1) and (6) with respect to all Defendants due to lack of jurisdiction.

(Doc. No. 19.)  Furthermore, Defendants aver that Plaintiff fails to state viable Title VII claims

against individual Defendants Dale Breachnau, Douglas Schafer, Susan Agee and Lynn Boyes.

*Id.*

### A.  ADEA Claims

In his Amended Complaint, Plaintiff alleges that Defendants have violated the ADEA and

that he is, consequently, entitled to damages.  Defendants argue that this cause of action should

be dismissed, as the State of Michigan, its agencies, and its officers are immune from suit

pursuant to the Eleventh Amendment to the United States Constitution.  (Doc. No. 19 at 2.)

"[T]he Constitution does not provide for federal jurisdiction over suits against

nonconsenting States."  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (*citing College

Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669-670

(1999)).  Federal jurisdiction over States in a suit by private parties can only be exercised either

where a State consents or where Congress has unequivocally abrogated the States' immunity

pursuant to a valid grant of constitutional authority.  *Id.* (*citing Seminole Tribe of Fla. v. Florida*,

517 U.S. 44, 55 (1996)).  In *Kimel*, the United States Supreme Court found that Congress,

through the enactment of the ADEA, did not validly abrogate the States' sovereign immunity.

*Id.* at 92; *accord Coger v. Bd. of Regents of Tenn.*, 209 F.3d 485 (6th Cir. 2000) (finding that

plaintiffs could not maintain an ADEA suit against the University, a state employer, in light of

*Kimel*); *see also Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051 (9th Cir. 2009) (affirming

dismissal of ADEA claim on Eleventh Amendment grounds where plaintiff filed suit against a

state's educational system and her former supervisor).  As such, the Supreme Court held that

suits against a State, or its agencies or employees acting in their official capacity, must be

dismissed.  *Id.*  Therefore, Plaintiff cannot maintain an action in federal court against the

Michigan Department of Treasury, or the individual Defendants Dale Breachnau, Douglas

Schafer, Susan Agee and Lynn Boyes, all of whom were allegedly acting in their official

capacity.[2]  As such, it is recommended that Plaintiff's ADEA claims be dismissed as to all

Defendants.

**B.   ELCRA Claims**

Defendants further argue that Plaintiff's ELCRA state law claims should be dismissed

under the Eleventh Amendment grant of immunity.  (Doc. No. 19 at 3-4.)

In a similar case before the Sixth Circuit Court of Appeals, a plaintiff filed suit against the

State of Michigan and several state officials.  *See Freeman v. Michigan, Dep't of State*, 808 F.2d

1174 (6th Cir. 1987).  While the Sixth Circuit found that the District Court had erroneously

dismissed the plaintiff's Title VII claim on immunity grounds, the dismissal of the plaintiff's §

1983 and state law claims were affirmed, the latter based on violations of ELCRA.  The Sixth

---

[2]  In *Coger*, the Sixth Circuit, based on the *Kimel* decision, dismissed a lawsuit against
the Board of Regents of the State of Tennessee, Memphis State University, as well as the
president and vice-president of the university – the latter two who were sued both
individually and in their official capacities.  209 F.3d at 485-86.

Circuit explained as follows:

> Turning to the plaintiff's state law claims, the Supreme Court held in *Pennhurst* that the authority of federal law is not implicated when a plaintiff charges state officials with violating state law, and when this is the violation charged, the basis for permitting even injunctive relief against state officials as in *Ex parte Young* and *Edelman* disappears.  Thus, the Eleventh Amendment forbids federal courts from enjoining state institutions and state officials for violation of state law.  The *Pennhurst* Court also held that the judge-made doctrine of pendent jurisdiction does not "override" the Eleventh Amendment.  While the plaintiff's state claims could be filed in this action as pendent claims to those asserted under Title VII and § 1981, as pendent claims they are subject to the same Eleventh Amendment limitations on relief.

*Freeman*, 808 F.2d at 1179-1180 (internal citations omitted); *accord Platt v. Univ. of Mich.*, 2010 U.S. Dist. LEXIS 31420 ( E.D. Mich. Mar. 3, 2010) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. . . . [T]his principle applies as well to state-law claims brought into federal court under pendent jurisdiction.")(*quoting Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)).

In addition, though state officials, such as the individually named Defendants are literally persons, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] [a]s such, it is no different from a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted); *accord Pucci v. Nineteenth Dist. Ct.*, 2010 U.S. App. LEXIS 25588 (6th Cir. Dec. 16, 2010) ("This immunity flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution and applies to claims against a State by citizens of the same State, claims against a State by citizens of another State, and actions against state officials sued in their official capacity for money damages.")  Consequently, even if

Plaintiff can maintain a viable federal claim against the State of Michigan or any of its

departments and/or officials under Title VII, this Court is unable to exercise jurisdiction over

Plaintiff's state law claims due to Defendants' Eleventh Amendment immunity.  Therefore, it is

recommended that Plaintiff's ELCRA claims be dismissed as to all Defendants.[3]

## C.    Title VII Claims

Finally, Defendants argue that Plaintiff's Title VII claims should be dismissed against all

Defendants save for the Michigan Department of Treasury.  (Doc. No. 19 at 3.)  Defendants

assert that Title VII claims may only be pursued against an "employer," and that the supervisors

named in the Complaint do not constitute employers within the meaning of the Act.  *Id.*

The Sixth Circuit Court of Appeals has held that "an individual employee/supervisor, who

does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."

*Wathen v. GE*, 115 F.3d 400, 405 (6th Cir. 1997) ("Congress did not intend to provide for

individual employee/supervisor liability under Title VII."); *accord Hiler v. Brown*, 177 F.3d 542,

546 (6th Cir. 1999) ("Title VII expressly forecloses a right of action against supervisors, in their

individual capacities, for retaliation under the Rehabilitation Act ... [and] this Court finds no

reason why the logic of cases addressing discrimination under Title VII should not apply to cases

alleging retaliation.")  The Sixth Circuit explained as follows:

> ... Congress did not intend for individuals to face liability under Title VII's
> definition of "employer."  Finding it "inconceivable" that "'a Congress concerned
> with protecting small employers [by limiting employer liability to those with

---

[3]  Although Plaintiff's original complaint and amended complaint make no reference to
any violations of Ohio law, Plaintiff's response to the motion for partial dismissal makes
reference to alleged violations of Ohio Revised Code § 4112.  (Doc. No. 21.)  However,
if the Court were to construe the Amended Complaint to contain alleged violations of
Ohio statue, such action would also be barred by Eleventh Amendment immunity.

-6-

fifteen or more employees] would simultaneously allow civil liability to run against individual employees[,]'" this Court rejected the argument that the use of the word "agent" in the statutory definition of "employer" was intended to permit supervisors to be sued in their individual capacities.

*Hiler*, 177 F.3d at 546; *accord Hawthorne v. Principi*, 2006 U.S. Dist. LEXIS 8588 (N.D. Ohio Mar. 6, 2006) (dismissing Title VII claims against supervisors sued in their individual capacities for failure to state a claim).

Therefore, it is recommended that Plaintiff's Title VII claims against Defendants Dale Breachnau, Douglas Schafer, Susan Agee and Lynn Boyes be dismissed for failure to state a claim.

### IV.  Conclusion

For the foregoing reasons, it is recommended that Defendants' Motion for Partial Dismissal of the Amended Complaint (Doc. No. 19) be granted and that all of Plaintiff's claims be dismissed, except for Plaintiff's Title VII claim against Defendant Michigan Department of Treasury.

s/ Greg White
U.S. MAGISTRATE JUDGE

Date: January 28, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**