**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRAYSLEY TUNJI FAMUREWA, ) | CASE NO. 1:10-cv-01480 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHIGAN DEP'T OF TREASURY, ) | |
| *et al.*, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |

### I. Procedural Background

On July 6, 2010, Plaintiff Braysley Tunji Famurewa ("Plaintiff"), *pro se*, filed his original Complaint.[1] (ECF No. 1.) On October 8, 2010, Plaintiff filed an "Amended Pleading" alleging three counts: (1) discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended; (2) age discrimination in violation of the Age Discrimination in Employment Act (ADEA) as amended; and, (3) retaliation or discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act (ELCRA), M.C.L.S. § 37.2701. (ECF No. 15.) Defendants Michigan Department of Treasury, Dale Breachnau, Douglas Schafer, Susan Agee and Lynn Boyes (hereinafter "Defendants") filed a Motion for Partial Dismissal aimed at Plaintiff's Amended Pleading. (ECF No. 19.) On January 28, 2011, this Court recommended that "Defendants' Motion for Partial Dismissal of the Amended Complaint be granted and that all of

---

[1] Plaintiff retained counsel Robert Smith, III *after* the Court granted Defendants' motion for partial dismissal.

Plaintiff's claims be dismissed, except for Plaintiff's Title VII claim against Defendant Michigan Department of Treasury."  (ECF No. 24.)  On February 24, 2011, the recommendation was adopted as neither party voiced objections.  (ECF No. 25.)

On August 1, 2011, the sole remaining Defendant, Michigan Department of Treasury, filed a Motion for Summary Judgment.  (ECF No. 29.)  On September 2, 2011, Plaintiff filed a responsive brief.  (ECF No. 30.)  This matter is now ripe for consideration.

## II.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) governs summary judgment motions and states:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense  – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)(*citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034

(D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Liberty Lobby*, 477 U.S. at 257.

In other words, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). Thus, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*.

### III. Summary of Facts

Plaintiff is a Black male from Nigeria. (ECF. No. 30-1, Exh. A.) He was employed as an Audit Manager 14 with the Michigan Department of Treasury.[2] (ECF No. 30-1, Exh. A; ECF No. 29.)

Defendant's memorandum in support of its motion outlines a series of performance issues beginning in June of 2009, including counseling memoranda, written reprimands, and an annual

---

[2] According to Defendant, Plaintiff voluntarily retired in December of 2010. (ECF No. 29 at 4, Exh. 1 at ¶11.)

assessment that resulted in a "Needs Improvement" rating. (ECF No. 29 at 1-2, Exhs. 1-4.) As a result, on October 19, 2009, Plaintiff was placed on a Performance Improvement Plan (PIP). (*Id*. at 2-3, Exhs. 5.) A performance evaluation conducted in March of 2010 again assessed Plaintiff as needing improvement resulting in a second PIP. (*Id*. at 3, Exhs. 1, 6-7.) After the second PIP concluded on June 9, 2010, it was determined that Plaintiff had not achieved the goals in either PIP. It was also noted that the relationship between Plaintiff and the Area Manager "had been strained." (ECF No. 29, Exh. 8.) The evaluation concluded by stating: "Given the background in this matter and recognizing BF's request for a change in organizational placement, I recommend a change in assignment for BF that would provide a better fit for him and the organization." (ECF No. 29, Exh. 8.)

    Thereafter, on June 21, 2010, Plaintiff received a change in his work assignment:

> Effective June 28, 2010, there will be a change in assignment for Braysley Famurewa. He will retain the same classification and rate of pay but he will be assigned to Audit Manager Clyde Williams and will conduct audits in the Ohio region. Braysley will be held accountable for performance objectives assigned to the Auditor 12 status. His work station will be his home, and he will be given office space at the Ohio office if he requests it.

(ECF No. 29, Exh. 9.) Defendant asserts that Plaintiff had already been conducting audits in Ohio and that the only change was that Plaintiff was no longer supervising other auditors. (ECF No. 29 at 3-4.)

    Plaintiff disputes the performance evaluations he received while under the supervision of Area Manager Lynn Boyes, and asserts that between 2004 and 2008, he consistently received "High Performing" and "Meets Expectations" ratings. (ECF No. 30, Exh. A - Pl.'s Affidavit.) He also asserts that the change in assignment he received in June of 2010, was a demotion because: (1) he had to conduct audits rather than supervise other auditors; (2) he no longer had a

4

secretary; (3) his new supervisor was the same rank as him - an Audit Manager 14; and, (4) his new assignment required frequent travel. (ECF No. 30, Exh. A at ¶¶4-9.) Plaintiff contends that the change in assignment was pretextual, as the actual motivation was his race and national origin, and his recommendation in April of 2009 that Defendant hire a Nigerian applicant rather than a white applicant preferred by Lynn Boyes, his supervisor. (*Id*. at ¶¶10-13.)

### IV. Law and Analysis[3]

With respect to Title VII anti-discrimination claims that are based on circumstantial evidence and, as here, lack direct evidence of discrimination, a plaintiff is "subject to the tripartite burden-shifting framework first announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and subsequently modified in *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008); *Lindsay v. Yates*, 498 F.3d 434, 440 n.7 (6th Cir. 2007) ("The *McDonnell Douglas / Burdine* framework applies only when discrimination plaintiffs rely on circumstantial evidence

---

[3] There is no indication that Plaintiff is pursuing a "mixed motive" claim, which requires a plaintiff to give "proper notice." *Spees v. James Marine, Inc.*, 617 F.3d 380, 390-391 (6th Cir. 2010) (*citing Hashem-Younes v. Danou Enters. Inc.*, 311 F. App'x 777, 779 (6th Cir. 2009) (affirming the district court's application of the *McDonnell Douglas/Burdine* framework where the plaintiff failed to raise a mixed-motive claim in her complaint or in her response to the defendants' summary judgment motion, and the record was "utterly silent as to mixed motives")). Mixed-motive claims exist "where both legitimate and illegitimate reasons motivated an employer's decision." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 396 (6th Cir. 2008). The "ultimate question" in a mixed-motive analysis is simply "whether there are any genuine issues of material fact concerning the defendant's motivation for its adverse employment decision, and, if none are present, whether the law . . . supports a judgment in favor of the moving party on the basis of the undisputed facts." *Id*. at 402. However, the recovery on a mixed-motive claim is restricted to "declaratory relief, limited injunctive relief, and attorney fees and costs." *Spees*, 617 F.3d at 390 (*citing* 42 U.S.C. § 2000e-5(g)(2)(B)).

to prove their claims.") "Generally speaking, a plaintiff alleging employment discrimination in employee discipline must make a four-part showing in order to set forth a prima facie case of discrimination: '1) he is a member of a protected class; 2) was qualified for the job; 3) he suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.'" *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008) (*quoting Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001)); *accord White*, 533 F.3d at 391.

    Defendant's motion for summary judgment is based solely on the assertion that there is no genuine issue of material fact with respect to the requirement that Plaintiff suffered an adverse employment decision. (ECF No. 29.) Therefore, Defendant's motion can only be granted if Plaintiff's June 2010, change in work assignment could not constitute an adverse employment action. Generally, the Sixth Circuit has held that "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885 (6th Cir. 1996) (*citing Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987)). Nonetheless, the Sixth Circuit has clarified that:

> Reassignments and position transfers can qualify as adverse employment actions, particularly where they are accompanied by "salary or work hour changes." *See Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885-86 (6th Cir. 1996) (holding that a job transfer was not an adverse employment action because the plaintiff "enjoyed the same . . . rate of pay and benefits, and her duties were not materially modified"). And even if a reassignment is not paired with a salary or work-hour change, it can nonetheless be considered an adverse employment action where there is evidence that the employee received "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id*. at 886 (citation omitted).

6

*Spees*, 617 F.3d at 391.

Although the change in Plaintiff's work assignment did not result in a change in salary or title, the *Spees* and *Kocsis* decisions clearly stand for the proposition that a change in work assignment can be considered adverse even if there is no change in salary; and, that an adverse employment action must be considered under the unique set of circumstances particular to each situation.  The question for this Court is whether Plaintiff's reassignment should be considered a material modification of his employment or whether it was a *de minimis* action.  *See Novotny v. Reed Elsevier*, 291 Fed. Appx. 698, 703 (6th Cir. 2008) ("*de minimis* employment actions are not materially adverse and, thus, not actionable."); *Agnew v. BASF Corp.*, 286 F.3d 307, 310-11 (6th Cir. 2002) (finding that being placed on performance improvement plan does not constitute an adverse employment action).

Here, Plaintiff has presented sufficient evidence of an adverse employment action that was beyond mere *de minimis*.  By way of affidavit, Plaintiff has presented evidence that the change in work assignment rendered him an audit manager in name only.  In fact, he no longer supervised any other auditors.  The evidence presented by Defendant could be construed as a confirmation that Plaintiff, while retaining the position of an Audit Manager 14, would "be held accountable for performance objectives assigned to the Auditor 12 status."  (ECF No. 29, Exh. 9.)  As such, making all reasonable inferences in favor of the Plaintiff, a  rational trier of fact could find that Plaintiff's duties were materially modified, resulting in significantly diminished responsibilities.  The fact that Plaintiff was supervised by someone with equal title could also lead to the inference that Plaintiff was, in essence, demoted, as his salary and title did not correspond to his actual work duties.  Plaintiff has also asserted that the change in his work

assignment required frequent travel. As such, it could also be inferred that his work hours were substantially modified. As noted by the Sixth Circuit in *Freeman v. Potter*, "an employee need not have suffered one of the 'ultimate employment actions' listed above (*e.g.*, termination, demotion, failure to promote, *etc.*) to have a viable claim of discrimination. A material adverse action may consist of a less distinguished title, diminished options for advancement, or other unique indices. 200 Fed. Appx. 439, 442 (6th Cir. 2006.)

It can reasonably be argued that Plaintiff's opportunities to advance were diminished by his reassignment, given that he no longer supervised other employees and his new responsibilities were more in line with an Auditor 12 than an Auditor 14. While lateral transfers are generally not considered materially adverse actions, involuntary transfers can be if an employee's career prospects are significantly reduced. *Freeman*, 200 Fed. Appx. at 444-46. Given the change in Plaintiff's work responsibilities, it is questionable whether Plaintiff's reassignment could be characterized as a lateral move. As such, this Court cannot find that Plaintiff would be unable to meet his burden of demonstrating an adverse action.

As Defendant's motion is based entirely on the argument that no adverse employment action occurred, its motion for summary judgment should be denied.

### V. Conclusion

It is recommended that Defendant's Motion for Summary Judgment (ECF No. 29) be DENIED.

/s/ Greg White
U.S. Magistrate Judge

Date: October 6, 2011

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**